IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LATAVIOUS DONTE GRAHAM,

    Plaintiff,

v.                                        CASE NO. 1:17-cv-68-MW-GRJ

D. ELLIOTT,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Dalton Elliott's Motion for Summary Judgment. ECF No. 38. Plaintiff filed a response in opposition, followed by Defendant's reply. ECF Nos. 40–41. The motion is otherwise ripe for review. For the reasons discussed below, it is respectfully recommended that Defendant's motion for summary judgment should be granted.

### I. BACKGROUND

Plaintiff, an inmate in the custody of the Florida Department of Corrections ("FDOC") at Hamilton Correctional Institution, initiated this case by filing a *pro se* complaint under 42 U.S.C. § 1983. Plaintiff brings

claims against Defendant Elliott—a corrections officer at Mayo Correctional Institution ("Mayo CI")—in his individual capacity for allegedly utilizing excessive force against Plaintiff and sexually assaulting Plaintiff in violation of the Eighth Amendment. Plaintiff seeks compensatory and punitive damages as relief.

## II.  EVIDENCE

The facts in this case are straightforward and uncontested for purposes of the instant motion for summary judgment.

Plaintiff was working in the trash room and swill room in the food service department at Mayo CI on March 27, 2016. (ECF No. 38-2 at 14:8–12 ("Pl. Dep.").) At that time, Defendant was assigned to supervise the trash and swill room area of the food service department. (*Id.* at 6:15–20.)

Officer Elliott approached Plaintiff during dinner, threw a plastic bag containing hot dogs at Plaintiff's feet, and told Plaintiff to throw the bag away. (*Id.* at 18:11–18.) Plaintiff picked up the bag and walked toward the swill room eating the hot dogs. (*Id.* at 19:18–25; 20:10–11.) Officer Elliott followed Plaintiff and said, "I bet you can stuff my whole cock in your mouth." (ECF No. 1 at 5; Pl. Dep. at 21:5–6.) Plaintiff responded, "[y]ou fat

bitch, I don't play like that." (Pl. Dep. at 22:16–24.)

Officer Elliott then grabbed Plaintiff, spun Plaintiff around, and placed Plaintiff in hand restraints. (*Id.* at 23:18–23.) Officer Elliott turned Plaintiff around, put his left forearm under Plaintiff's throat, and pulled Plaintiff's pants down. (*Id.* at 25:1–4.) Then, according to Plaintiff, Officer Elliott grabbed Plaintiff's penis, twisted it to the right, and said "[w]ho's your fat bitch now?" (*Id.* at 25:10–12; 27:13–15; 28:13–16.) Officer Elliott held Plaintiff in that position for approximately thirty-five to forty-five seconds before releasing Plaintiff. Officer Elliott then tried to pull Plaintiff's pants up before quickly leaving the swill room and locking the door with Plaintiff still handcuffed in the room. (*Id.* at 30:1–18, 25; 31:1–5, 13–17.) Officer Elliott quickly returned, allegedly threatened Plaintiff not to tell anyone, removed the handcuffs, and left the swill room. (*Id.* at 32:4–9, 19–21; 33:4-3–5.)

Plaintiff says he was in pain and had trouble breathing during the incident. (*Id.* at 28:13–18; 38:17; 42:17–18.) He also alleges he suffered emotional and mental injury, for which he sought mental health counseling. (*Id.* at 39:12–13; 42:2–4, 21–23.) Notably, the evidence reflects that Plaintiff did not suffer any physical injury to his throat or penis and did not seek medical care. (*Id.* at 38:8–25; 39:1–25; 40:1–4.)

## III.  STANDARD OF REVIEW

The entry of summary judgment is appropriate only when the Court is satisfied "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party." *Samples on Behalf of Samples v. Atlanta,* 846 F.2d 1328, 1330 (11th Cir. 1988). But, "when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Morton v. Kirkwood*, 707 F.3d 1276, 1284 (11th Cir. 2013) (internal quotations and citations omitted); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986) (to defeat summary judgment "there must be evidence on which the jury could reasonably find for the plaintiff") "The nonmovant need not be given the benefit of every inference but only of every reasonable inference." *Brown v. City of Clewiston,* 848 F.2d 1534, 1540 n.12 (11th Cir. 1988) ("The summary judgment standard requires that

we resolve all reasonable doubts in favor of the non-moving party, but it does not require us to resolve all doubts in such a manner.").

As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove." *Rollins v. Techsouth*, 833 F.2d 1525, 1528 (11th Cir. 1987). The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried. *See Anderson,* 477 U.S. at 250; *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785–86 (11th Cir. 2005). In civil actions filed by inmates, federal courts,

> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgement stage.

*Beard v. Banks,* 548 U.S. 521, 530 (2006). Conclusory allegations based

on subjective beliefs are insufficient to create a genuine issue of material fact. *See, e.g., Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

## IV.  DISCUSSION

Officer Elliott argues he is entitled to summary judgment because Plaintiff cannot recover compensatory or punitive damages under the Prison Litigation Reform Act ("PLRA"). Officer Elliott specifically contends the undisputed evidence demonstrates that Plaintiff suffered no physical injuries from the incident. He further argues that the incident does not constitute a "sexual act" as defined in 18 U.S.C. § 2246 to permit him to seek compensatory or punitive damages absent a physical injury.

Under the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act as defined in section 2246 of title 18." 42 U.S.C. § 1997e(e).

With respect to the PLRA's physical injury requirement, "the physical injury must be more than de minimis, but need not be significant." *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999), *vacated*, 197 F.3d 1059,

*reinstated in relevant part*, 216 F.3d 970, 972 (11th Cir. 2000); *see Thompson v. Sec'y, Fla. Dep't of Corr.*, 551 F. App'x 555, 557 n.3 (11th Cir. 2014) (noting that the Eleventh Circuit has not adopted a definition of "de minimis," but acknowledging "one court has described it as 'a physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional'") (quoting *Luong v. Hatt*, 979 F. Supp. 481 (N.D. Tex. 1997).

In the Eleventh Circuit, "[t]he meaning of the phrase 'greater than de minimis,' however, is far from clear." *Chatham v. Adcock*, 334 F. App'x 281, 284 (11th Cir. 2009); *compare Mann v. McNeil*, 360 F. App'x 31, 32 (11th Cir. 2010) (plaintiff's claims for compensatory and punitive damages were barred by § 1997e(e) where plaintiff complained of vague injuries to his back and scrapes and marks on his knees and legs), *and Quinlan v. Personal Trans. Servs., Co.*, 329 F. App'x 246, 249 (11th Cir. 2009) (pretrial detainee's complaints of headaches, difficulty breathing, temporary chest pain, and lingering back pain were not greater than de minimis injuries), *with Jenkins v. Hutcheson*, No. 6:14-cv-81, 2016 WL 4496561, at *13 (S.D. Ga. June 22, 2016), *report and recommendation adopted*, 2016 WL 4491850, at *1–2 (S.D. Ga. Aug. 25, 2016) (denying summary

judgment on plaintiff's excessive force claim where plaintiff said he suffered lacerations, bruising, swelling, migraines, and numbness in his hands because a reasonable jury could find the injuries to be more than de minimis), *and Cotney v. Bowers*, No. 2:03-cv-1181-WKW, 2006 WL 2772775, at *7 (M.D. Ala. Sept. 26, 2006) (plaintiff's testimony that he suffered bruises to his ribs from officer's use of force and that the bruises healed after several weeks without treatment surmounted PLRA's de minimis injury bar because plaintiff put forth evidence from which a jury could determine his physical injuries were more than de minimis). Discomfort does not equate to physical injury. *Dixon v. Toole*, 225 F. App'x 797, 799 (11th Cir. 2007).

The PLRA also allows a prisoner to bring an action for mental or emotional injury—absent a prior showing of physical injury—from the commission of a "sexual act" as defined in § 2246. *See* § 1997e(e). Section 2246(2) defines a "sexual act" as:

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
>
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
>
> (C) the penetration, however slight, of the anal or genital

opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

(D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person . . . .

Although the Court does not condone this type of highly inappropriate conduct, the undisputed evidence in this case demonstrates that Officer Elliott is entitled to summary judgment. Plaintiff admits he suffered no serious or lasting physical injuries from the incident. Temporary pain and trouble breathing solely during the incident, without more, does not rise above the de minimis level. *See Quinlan v. Personal Trans. Servs. Co.*, 329 F. App'x 246, 249 (11th Cir. 2009) (pretrial detainee's complaints of headaches, difficulty breathing, temporary chest pain, and lingering back pain were not greater than de minimis and therefore did not provide the necessary physical injury to recover for mental and emotional injuries); *Glass v. Nelson*, No. 5:13-CV-380(MTT), 2014 WL 2881976, at *7 (M.D. Ga. June 25, 2014) (plaintiff's allegation that he suffered pain when officer reached through tray flap of cell door and squeezed plaintiff's penis and testicles did not constitute more than a de minimis injury).

The incident also does not qualify as a "sexual act" under § 2246.

The undisputed evidence demonstrates that Officer Elliott intentionally touched Plaintiff's penis with his hand, which arguably constitutes "sexual contact" under § 2246. *See* § 2246(e) ("the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person," is defined as "sexual contact").  Notably, however, "sexual contact" is not the same as "sexual act" under § 2246. *See Mattison v. Williams*, No. 5:14-cv-187-OC-29PRL, 2015 WL 476183, at *3 (M.D. Fla. Feb. 5, 2015). The PLRA does not permit a prisoner to seek compensatory and punitive damages for mental or emotional injury, absent a physical injury, for "sexual contact." Rather, the PLRA requires the commission of a "sexual act." *See* § 1997e(e). In this case Officer Elliott did not commit a "sexual act."[1] Thus, Plaintiff is not entitled to pursue claims for compensatory and punitive damages for mental and emotional injury arising from the incident.  This

---

[1] To the extent Plaintiff relies on *United States v. Hayward*, 359 F.3d 631 (3d Cir. 2004), for the proposition that the statutory definition of "sexual act" under § 2246 includes skin-to-skin contact or touching of the body parts, Plaintiff's reliance is misplaced.  *Hayward*—a Third Circuit case—is not binding authority on this Court. Nevertheless, *Hayward* simply clarified that the term "contact" in § 2246(2) required "direct skin-to-skin contact or touching of body parts." 359 F.3d at 641. The contact (i.e., skin-to-skin contact or touching of body parts), however, must also fall within the definition of a "sexual act" under § 2246(2)(A)–(D). *Id.*

conclusion is supported by decisions from other courts in situations where a prison guard touched or had contact with the genitalia of a prisoner. *See Washington v. Harris*, 186 F. App'x 865, 866 (11th Cir. 2006) (inmate failed to state an Eighth Amendment claim where a prison guard allegedly crept up behind the plaintiff while he was working, grabbed his genitals, kissed him on the mouth, and threatened to perform oral sex on him); *Jackson v. Madery*, 158 F. App'x 656, 661 (6th Cir. 2005) (plaintiff's allegations that a prison guard grabbed and rubbed his buttocks in a degrading manner during a shakedown was insufficient to establish an Eighth Amendment violation); *Woods v. United States*, No. 1:14-cv-00713-MHH-JHE, 2015 WL 9947694, at *3 (Dec. 11, 2015), *report and recommendation adopted*, 2016 WL 367947 (N.D. Ala. Jan. 29, 2016) (dismissing claims for compensatory and punitive damages where plaintiff alleged that correctional officer purposely stuck his bare hands inside plaintiff's underwear, made a full circle of plaintiff's genitals, and reached around to plaintiff's buttocks, because the allegations were more appropriately classified as a "sexual contact" under § 2246(3), which was insufficient to support a claim for compensatory or punitive damages under the PLRA).

Although Plaintiff normally would be permitted to pursue his claims against Officer Elliott solely for nominal damages—which are typically

limited to $1.00 in the Eleventh Circuit—Plaintiff's Complaint is devoid of any type of request that may be liberally construed as a request for nominal damages. *See Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003) (district court must analyze the pleading to determine whether the complaint includes a request for nominal damages before dismissing a complaint without prejudice for lack of physical injury). Rather, in his complaint Plaintiff specifically requests "$25,000.00 in punitive damages, and $30,000.00 in compensatory damages." (ECF No. 1 at 7.)  He does not include any other type of open-ended request that the Court could liberally construe to include a request for nominal damages. *See Boxer X v. Donald*, 169 F. App'x 555, 559 (11th Cir. 2006) (concluding that request for compensatory damages and "any other relief the court deems appropriate" included nominal damages).[2] Accordingly, Defendant's motion for summary judgment should be granted.

## V.  CONCLUSION

In light of the foregoing, tt is respectfully **RECOMMENDED** that:

Defendant's Motion for Summary Judgment, ECF No. 38, should be

---

[2] Plaintiff also does not suggest in his response that he intended to seek nominal damages. Nor has Plaintiff requested leave to file an amended complaint seeking nominal damages.

**GRANTED**.

**IN CHAMBERS** at Gainesville, Florida, this 27th day of June 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**